UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARIO ERNESTO RIVERA AGUILAR (A-Number: 221-468-402),<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, *et al.*,<br><br>Respondents. | Case No.  1:26-cv-03028-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Mario Ernesto Rivera Aguilar entered the United States in 1995. ECF No. 1-1 at 4. He was detained by ICE in December 2025 following a traffic stop. ECF No. 1-1 at 8. Since his detention, petitioner has not received a bond hearing. The immigration court determined that he is subject to mandatory detention under 8 U.S.C. § 1225 and that it lacks jurisdiction to conduct a bond hearing. ECF No. 1-1 at 23. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, and argues that his detention is not mandatory. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner is a Mexican citizen who entered the United States without inspection in or about 1995.[1] ECF No. 1-1 at 8. There is no indication in the record that petitioner has applied for

_____

[1] It appears that petitioner voluntarily returned to Mexico in 2001 and re-entered the United States without inspection sometime thereafter. *See* ECF No. 1-1 at 8; ECF No. 9 at 1.

1

asylum.  In 2005, petitioner was convicted for possession of a controlled substance under Utah law; this conviction has since been vacated.  *See* ECF No. 9-1 at 13-14; ECF No. 10-1 at 11-13.  In 2008, petitioner was convicted of driving under the influence and hit and run, both misdemeanors.  ECF No. 9-1 at 15-16.  In 2023, petitioner was convicted of disorderly conduct, a class C misdemeanor.  *Id*. at 16-17, 37.

On December 6, 2025, petitioner was detained by immigration officers in Utah pursuant to a traffic stop.  ECF No. 1-1 at 8.  The Department of Homeland Security issued petitioner a notice to appear alleging that he is a noncitizen present in the United States without having been inspected and admitted or paroled, and that he lacks valid entry documents.  *Id*. at 21.  Petitioner requested a bond hearing from the immigration court.  ECF No. 1 at 8.  On January 22, 2026, the immigration court denied that request under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which interpreted that mandatory detention provision of 8 U.S.C. § 1225 to apply to those, like petitioner, arrested by immigration authorities in the interior of the United States.  *See* ECF No. 1-1 at 23.  Petitioner is currently detained at the Golden State Annex detention facility.  *Id.* at 2.

### Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a) and that he is not subject to mandatory detention under either 8 U.S.C. §§ 1226(c) or 1225(b)(2).  ECF No. 13 at 3-5.  Respondents counter that petitioner's detention is mandatory under 8 U.S.C. § 1226(c) based on petitioner's prior controlled substance offense.  ECF No. 9.  Petitioner responds that his prior controlled substance conviction was vacated by state court as having resulted from ineffective assistance of counsel and as such cannot be relied on by respondents.  ECF No. 10 at 2.  Petitioner further points out that the immigration court refused a bond hearing under section 1225, not section 1226(c).  ECF Nos. 1 at 7, 14, 10 at 7.  I address sections 1226(c) and 1225(b)(2) in turn.

**I.       1226(c)**

Under section 1226(c), the attorney general "shall take into custody" any noncitizen "who is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title."  8 U.S.C. § 1226(c)(1)(A).  Section 1182 (a)(2) includes any noncitizen "convicted of … a violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of title 21)."  8 U.S.C. § 1182(a)(2)(A)(i)(II).

A conviction vacated for a substantive or procedural constitutional defect is no longer a "conviction" for immigration purposes.  *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1107 (9th Cir. 2006); *Nath v. Gonzales*, 467 F.3d 1185, 1189 (9th Cir. 2006).  The Court of Appeals has held that "the reasoning because the petitioner's motive [for vacatur] is not the crucial inquiry" in determining whether a conviction was vacated for a substantive or procedural constitutional defect.  *Reyes-Torres v. Holder*, 645 F.3d 1073, 1077 (9th Cir. 2011).  "Instead, the inquiry must focus on the state court's rationale for vacating the conviction, and the burden is on the government to prove that it was vacated solely for rehabilitative reasons or reasons related to his immigration status."  *Id*. (cleaned up).

Here, respondents argue that petitioner is subject to mandatory detention under section 1226(c) because he suffered a Utah controlled substance offense conviction in 2005.  ECF No. 9-1 at 22.  Petitioner responds by filing proof that, on March 18, 2026, the Utah Third District Court

3

vacated that conviction as follows:

> The Court specifically finds and orders that this vacatur is granted **solely because the conviction was obtained in violation of** [petitioner's] **constitutional right to effective assistance of counsel**, i.e., a defect in the validity of the plea proceedings. This relief is **not** granted for rehabilitative purposes, equitable considerations, or to alleviate collateral consequences independent of the constitutional error.

ECF No. 10-1 at 12 (emphasis in original).

"[T]he state court's rationale for vacating the conviction" was to remedy the violation of petitioner's constitutional rights, and respondents have not carried their burden of demonstrating that the conviction "was vacated solely for rehabilitative reasons or reasons related to his immigration status." *See Reyes-Torres*, 645 F.3d at 1077. Petitioner's conviction for possession of a controlled substance is therefore not considered a "conviction" for immigration purposes. *See Cardoso-Tlaseca*, 460 F.3d at 1107. Respondents' argument that section 1226(c) mandates petitioner's detention without a bond hearing fails on this ground.

Further, respondents argue that petitioner was required to challenge his detention under section 1226(c) in immigration prior to filing the habeas petition. ECF No. 9 at 2. Petitioner challenged his detention in immigration court, which refused him a bond hearing under section 1225 and *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Any appeal of that finding would have been futile. Accordingly, no exhaustion was necessary, and any prudential administrative exhaustion is excused. *See Velazquez-Beltran v. Noem*, No. 3:26-CV-959-JES-MSB, 2026 WL 524056, *2 (S.D. Cal. Feb. 25, 2026).

Accordingly, petitioner is not subject to mandatory detention under section 1226(c).

**II.    1225(b)(2)**

Respondents rely on mandatory detention under section 1226(c) and do not discuss the immigration court's determination that petitioner is being detained under section 1225(b)(2) and that the immigration court lacked jurisdiction to consider bond under *Yajure Hurtado*. *See* ECF No. 1-1 at 23. In contrast to section 1225(b)(2), "[u]nder § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an [immigration judge] at any time

4

before a removal order becomes final." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

Petitioner was detained in the interior of the United States and has lived in this country for many years. ECF Nos. 1 at 6, 1-1 at 12. The immigration court held that he is subject to mandatory detention under 8 U.S.C. § 1225(b), but respondents do not raise this issue in their briefing and instead have argued mandatory detention under 1226(c). To the extent that respondents maintain that petitioner's detention is governed by section 1225(b), this argument is not supported by binding authority, and it has been "overwhelmingly rejected" by district courts across the nation. *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases). Moreover, a district court in this Circuit recently vacated *Matter of Yajure Hurtado* "as contrary to law under the [Administrative Procedure Act]." *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026). Petitioner argues that he is an eligible member of the nationwide class in that case.

Because petitioner was detained in the interior of the United States, I find that his detention is governed by section 1226 and not, as determined by the immigration court, by section 1225. Given this finding, I must determine the appropriate remedy. Petitioner requests a bond hearing or, alternatively, immediate release. ECF Nos. 1 at 17-18, 10 at 12; *see also* ECF No. 9 at 2 (respondents acknowledging that petitioner seeks "a bond hearing or immediate release"). Respondents do not address this issue. *See* ECF No. 9.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Moreover, where the government has erroneously applied section 1225(b) to a petitioner, courts have ordered immediate release. *See, e.g.*, *Morillo v. Albarran*, No. 1:25-cv-1533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025). In *Feng v. Lyons*, the court held that a delay "in providing the statutorily mandated bond hearing violates [a petitioner's] due

5

process rights" and found that the "[p]rovision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right." No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (citations omitted).

Here, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's mandatory detention. *See Munaf*, 553 U.S. at 693. Petitioner's due process rights have been violated such that the provision of a bond hearing is constitutionally insufficient. *See Feng*, 2026 WL 472635, at *1. Moreover, while petitioner has been convicted for driving under the influence, hit and run, and disorderly conduct, the charge in each instance has been a misdemeanor, and respondents do not argue that petitioner is a danger to the community or a flight risk. *See* ECF No. 9-1 at 15-17; ECF No. 9. As such, "the only potential injury that the government faces is a short delay in detaining [petitioner] if it ultimately demonstrates to a neutral decisionmaker that [his] detention is necessary to prevent flight or danger to the community." *See Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 941 (N.D. Cal. 2025) (internal quotation marks and citation omitted). Indeed, respondents "cannot reasonably assert that the public and government will be harmed in any legally cognizable sense by being enjoined from violating [p]etitioner's due process rights." *See Pineda v. Chestnut*, No. 1:25-cv-1970-DC-JDP, 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983)).

## Conclusion

Based on the foregoing, I recommend that petitioner's writ of habeas corpus be granted.

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondents be ordered to immediately release petitioner (A-Number: 221-468-402) from their custody. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. This order does not address the

6

circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve Golden State Annex Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7